UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ELIZABETH SMITH, | ) | |
| Plaintiff | ) | |
| v. | ) | No. 2:16-cv-161-DBH |
| ROBERT P. SMITH and CYNTHIA W. SMITH, | ) | |
| Defendants | ) | |
| ELIZABETH SMITH, | ) | |
| Plaintiff | ) | |
| v. | ) | No. 2:16-cv-164-DBH |
| HUNTINGTON COMMON, | ) | |
| Defendant | ) | |

*RECOMMENDED DISMISSAL OF THE CASES IN THEIR ENTIRETY*

As Judge Hornby noted earlier in his order on the plaintiff's Requests for Emergency Injunctions, these two cases, one against the plaintiff's siblings and the other against a nursing home in Kennebunk, Maine, apparently arise out of a family conflict over the care and assets of an elderly, ailing mother. The plaintiff's requests for leave to proceed *in forma pauperis* have previously been granted. ECF No. 9 (in both cases). Because the plaintiff is proceeding *pro se*, I must consider the possibility of dismissing the actions before service of process upon the defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B). Having done so, I recommend that the court dismiss both cases.

That statute provides, in relevant part:

> [T]he court shall dismiss the case at any time if the court determines that
>   (B) the action or appeal  --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Nietzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S. D. Iowa*, 490 U.S. 296, 307-08 (1989) ("[28 U.S.C. § 1915], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).  In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

So read, the plaintiff's complaints, which are identical in each case, allege that the plaintiff's religious beliefs, and other federal and state constitutional rights, and those of her mother, who is a resident of a nursing home in Kennebunk, Maine, have been violated by the defendants, her siblings and the nursing home. [Complaint] (ECF No. 1) (in both cases). Her requests for an emergency injunction have been denied by Judge Hornby of this court, who recommended that she contact on or more of the agencies that he listed for assistance.  Order on Requests for Emergency Injunctions (ECF No. 8) at 4 (in both cases).

Assuming without deciding, as did Judge Hornby, *id*. at 2, that the plaintiff, who does not appear to be a lawyer and in any event is not a member of the bar of this court, has standing to assert claims on behalf of her mother, and that diversity of citizenship could be established so that this court could exercise jurisdiction over the parties,[1] the complaints still fail to state a claim upon which relief may be granted. That is because private parties may not sue other private parties for deprivation of constitutional rights. Private parties, like the defendants here, do not act under color of state law when dealing with other private parties. Only individuals who act under color of state law, that is, people who are performing some government function, can be sued for violating another individual's constitutional rights. In addition, if the rights are those granted by the United States Constitution, an action for violation by a state actor must be brought under 42 U.S.C. § 1983, which is not mentioned in the plaintiff's complaint. *See generally Lipin v. Ellis*, No. 07-92-P-S, 2007 WL 2198876, at *12 (D. Me. July 26, 2007).

The plaintiff's complaints do not present claims upon which relief may be granted by this court.

For the foregoing reasons, I recommend that the complaints be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

---

[1] The complaints say that the plaintiff and her mother have residences in Maine, Vermont, and Florida, and that their "legal address" is in Vermont, but the plaintiff has provided the court with a mailing address in Cushing, Maine. Complaints at [3]. In order for this court to have diversity jurisdiction over the plaintiff's claims against her siblings, one of whom apparently lives in Yarmouth, Maine, and the other in Oxbridge, Massachusetts, she would have to show that they both reside in states other than the state in which she resides. Huntington Common appears to be located in Kennebunk, Maine. Undated Letter (ECF No. 1-1 both cases at [6]). The same jurisdictional concern is applicable to Huntington Common.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 14th day of June, 2016.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge